IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY & VICINITY CONSTRUCTION ) <br> WORKERS WELFARE FUND, ) <br> ) <br> FOX VALLEY & VICINITY CONSTRUCTION ) <br> WORKERS PENSION FUND, ) <br> ) <br> LAKE COUNTY, ILLINOIS, PLASTERERS & ) <br> CEMENT MASONS RETIREMENT SAVINGS ) <br> FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROBERT H. WARD & ASSOCIATES, ) <br> INCORPORATED, an Illinois corporation, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> NO. <br><br> JUDGE |

**COMPLAINT**

The Plaintiffs, FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, by their attorneys, complaining of the Defendant, ROBERT H. WARD & ASSOCIATES, INCORPORATED, an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA. Plaintiff Funds are administered within this District.

3. ROBERT H. WARD & ASSOCIATES, INCORPORATED ("Robert H. Ward") is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

4. As an employer obligated to make fringe benefit contributions to the Funds, Robert H. Ward is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified

    fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

 (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

 (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

 (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

 5. As an employer obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust, upon the request of the Plaintiffs, Robert H. Ward is specifically required to furnish to the Plaintiffs a bond, with reputable surety thereon and the Plaintiffs named as obligees thereunder, in an amount to be determined by the Plaintiffs consistent with the anticipated future obligations of Robert H. Ward.

 6. Pursuant to the power and authority provided by the terms of the Agreements and Declarations of Trust, the Plaintiffs have requested that Robert H. Ward furnish to the Plaintiffs a bond, with reputable surety thereon and with the Plaintiffs as obligees thereunder, in the amount of $50,000 to assure future payment of Robert H. Ward's obligations.

 7. The amount of the bond requested is consistent with the anticipated future obligations of Robert H. Ward to the Plaintiffs under the terms of the Agreements and Declarations of Trust based upon Robert H. Ward's past reporting history.

 8. Plaintiffs have requested that Robert H. Ward perform its obligations as aforesaid, but Robert H. Ward has failed and refused to so perform.

9. Robert H. Ward's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That Robert H. Ward be permanently enjoined to perform its obligations to Plaintiffs under the terms of the Agreements and Declarations of Trust and to obtain and furnish to the Plaintiffs a bond in the amount of $50,000 for contributions, liquidated damages and attorneys' fees, with reputable surety thereon and the Plaintiffs as obligees thereunder.

B. That judgment be entered in favor of Plaintiffs and against Robert H. Ward for Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein or subsequently determined all as provided in the Plans and in ERISA.

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/ Cecilia M. Scanlon

Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\Fvcwj\Ward, Robert H & Associates\complaint.cms.df.wpd